[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that her criminal trial attorney, Joseph Elder, was ineffective in assisting her in that he represented her codefendant while representing her therefore raising a conflict of interests.
The arrests of the petitioner and her boyfriend, Clifton Small, arose from the delivery of seven (7) pounds of marijuana by Airborne Express, on November 9, 1994 from California which delivery was controlled, and as Small accepted the package at the apartment occupied by petitioner and Small, the police were there and made the arrests. See Petitioner's Exhibit 2. The petitioner was released the following morning but Small was held on bond until his case was disposed of on April 6, 1995. He received a suspended sentence upon his agreement to deportation proceedings, a detainer having been placed on him by the INS. See Petitioner'sExhibit 1 and 2.
The petitioner was again arrested on a similar controlled CT Page 7091 delivery of nine (9) pounds of marijuana from California which was to be received on her behalf by her neighbor, Simone Flemming, in Apartment B 12, 560 Burnside Avenue, East Hartford. On December 28, 1994 when the delivery was made to said neighbor she disclosed to the, police accompanied the delivery, that she was receiving the package at the request of' neighbor in Apartment B6, resulting in the petitioner's arrest. SeePetitioner's Exhibit 4. On January 12, 1996 these cases were disposed of while the petitioner was represented by Elder, the charges on the arrest of the November 9, 1994 being nolled and the petitioner receiving a suspended sentence on one count of the December 28, 1994 arrest. See Petitioner's Exhibit 3.
The petitioner called her attorney and herself as her only witnesses.
Elder recalled that he had represented the petitioner on at least two occasions before she came to his office to ask him to represent Small. He recalled the disposition of Small's case in April of 1994 and of the petitioner's case in January of 1996. He can't remember whether he represented both at the same time but feels certain that there was no antagonistic defenses which occurred in representing them.
The petitoner testified that when she went to Elder's office after her November 9, 1994 arrest she retained him to represent both herself and Small and throughout his representation he had never discussed any conflict that representation might have.
"In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. Cuyler v. Sullivan, 446 U.S. 335, 348; Festo v.Luckart, 191 Conn. 622, 631. This petitioner received nolles on the charges arising from the arrest involving herself and her boyfriend and was identified by her neighbor on the second arrest as the one who was to receive the package. She has failed to demonstrate how she was adversely affected by any representation of Elder.
For the above reasons the petition is denied.
Corrigan, JTR